J-A28002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS MASUCCI | |
| Appellant | No. 3223 EDA 2013 |

Appeal from the Judgment Entered November 6, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-03627

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED NOVEMBER 03, 2014**

Appellant, Thomas Masucci, appeals from the judgment entered in the Montgomery County Court of Common Pleas, in favor of Appellee, Nationstar Mortgage, LLC, in this mortgage foreclosure action.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> 1. DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN ITS GRANT OF SUMMARY JUDGMENT UPON A DEFECTIVE NOTE TRANSFER?
>
> 2. DID THE TRIAL COURT COMMIT AN ERROR OF LAW BY DEEMING THE COMPLAINT'S AVERMENTS ADMITTED ALLOWING FOR ENTRY OF SUMMARY JUDGMENT?
>
> 3. DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN

ITS GRANT OF SUMMARY JUDGMENT UPON AN INADMISSIBLE HEARSAY TESTIMONIAL AFFIDAVIT?

4. DID THE DEFECTIVE ACT 6/91 NOTICE PRECLUDE ENTRY OF JUDGMENT?

(Appellant's Brief at 9).

As a prefatory matter, issues not raised in the trial court are waived and cannot be raised for the first time on appeal. *Majorsky v. Douglas*, 58 A.3d 1250 (Pa.Super. 2012), *appeal denied*, 620 Pa. 732, 70 A.3d 811 (2013), *cert. denied*, ___ U.S. ___, 134 S.Ct. 910, 187 L.Ed.2d 780 (2014); *Commonwealth v. Stevenson*, 894 A.2d 759, 766 (Pa.Super. 2006), *appeal denied*, 591 Pa. 691, 917 A.2d 846 (2007); Pa.R.A.P. 302(a). To preserve claims for appellate review, appellants must comply whenever the trial court orders a concise statement of errors complained of on appeal; any issues not raised in a [Rule] 1925(b) statement will be deemed waived. *Majorsky, supra* at 1258; *Stevenson, supra.*

Instantly, Appellant presents four issues for our review. Although he listed issues one, three and four in his Rule 1925(b) statement, he raises issue two for the first time in his appellate brief. Thus, we deem Appellant's second issue waived because he did not raise it in clear terms in his Rule 1925(b) statement. *See id.*

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Cheryl L. Austin, we conclude Appellant's remaining issues merit no relief. The trial

court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed February 4, 2014, at 3-14) (finding: no issue of material fact existed that Appellant was mortgagor of property, recorded mortgage is in specified amount, and Appellant defaulted under terms of his mortgage every month since September 1, 2012; given Appellant's admission of default, Appellee's uncontroverted affidavit concerning default did not either drive or preclude judgment in favor of Appellee; no evidence of record showed Appellant was prejudiced by Appellee's error in listing itself as original lender in Act 6/91 Notice; Appellee demonstrated it was real party in interest, as current holder of mortgage by virtue of assignment, and as current holder of note, Appellee had right to enforce it against Appellant). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/3/2014

- 3 -

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY,**
**PENNSYLVANIA**
**CIVIL ACTION- LAW**

| | |
|---|---|
| **NATIONSTAR MORTGAGE LLC,** | : **SUPERIOR COURT NO.: 3223 EDA 2013** |
| Appellee/Plaintiff | : |
| | : |
| **vs.** | : **TRIAL COURT NO.: 2013-03627** |
| | : |
| **THOMAS MASUCCI,** | : |
| Appellant/Defendant | : |

2013-03627-0027          FilingID:          9633018
2/4/2014 3:38:01 PM
Opinion
Receipt # Z2030639          Fee          $0.00
Mark Levy - MontCo Prothonotary

**OPINION**

**Austin, J.**                                                        **February 3, 2014**

**INTRODUCTION**

Appellant, Thomas Masucci ("Defendant") appeals to the Superior Court of

Pennsylvania from this Court's Order dated October 18, 2013, granting Summary Judgment

in favor of Appellee, Nationstar Mortgage LLC ("Plaintiff").

**STATEMENT OF FACTS**

Defendant is the mortgagor and record owner of real property located at 2012

Birchwood Drive, East Norriton, Montgomery County, Pennsylvania (the "Property"). On

March 21, 2008, Defendant executed and delivered a mortgage and note upon the Property to

AAKO, Inc. d/b/a Boulevard Mortgage Company of Pennsylvania, which was recorded in

the Office of the Recorder of Deeds in Montgomery County at Mortgage Book Volume

12383, Page 01108, and Instrument No. 2008033141. On the same day, the mortgage was

assigned to CitiMortgage Inc. by assignment of the mortgage, which was recorded in the

Office of the Recorder of Deeds in Montgomery County as Book 12363, Page 01124, and

Instrument No. 2008033142. On November 24, 2010, the mortgage was assigned to Plaintiff

1

by assignment of the mortgage, which was recorded in the Office of the Recorder of Deeds in Montgomery County as Book 12970, Page 02908, and Instrument No. 2010109871. By virtue of the assignment, Plaintiff is the current owner and holder of Defendant's mortgage. Additionally, Plaintiff is the holder of the note, endorsed in blank, with the right to enforce it.

On September 1, 2012, Defendant defaulted on the mortgage by failing to make the required monthly payment of principal and interest upon said mortgage due on September 1, 2012 and by failing to pay each month thereafter. As a result, Plaintiff commenced this instant in rem mortgage foreclosure action against Defendant as to the Property in the Court of Common Pleas of Montgomery County on February 19, 2013. On March 20, 2013, Defendant filed an Answer with New Matter, admitting default. Plaintiff filed a Reply to Defendant's New Matter on March 29, 2013.

On June 12, 2013, Plaintiff filed a Motion for Summary Judgment, attaching an Affidavit in Support, Memorandum of Law and Evidentiary Exhibits. The respective cover sheet attached to Plaintiff's Motion for Summary Judgment states oral argument is waived and no additional discovery is needed. On July 3, 2013, Defendant separately filed an Answer and Response and a Memorandum of Law, opposing Plaintiff's Motion for Summary Judgment. After the close of all of the parties' relevant pleadings, this Court issued an Order dated October 18, 2013, granting Plaintiff's Motion for Summary Judgment.

On November 15, 2013, Defendant filed a timely Notice of Appeal to the Pennsylvania Superior Court from this Court's Order dated October 18, 2013. On November 19, 2013, in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, this Court ordered Defendant to file a Concise Statement of Matters Complained

2

of on Appeal within twenty-one (21) days from the date of the Order. Said statement was received on December 5, 2013.

## ISSUE(S)

By way of Concise Statement, Defendant raises the following issues on appeal:

1. Whether the Trial Court erred in granting Plaintiff's Motion for Summary Judgment?

2. Whether the Trial Court erred in finding Plaintiff's Act 6/91 notice was not defective?

3. Whether the Trial Court erred in holding that there was a proper pre-judgment record assignment of mortgage and negotiated note transfer via permanent allonge - both through the chain of loan title?

4. Whether the Trial Court erred in admitting Plaintiff's Motion's affidavit?

5. Whether the Trial Court erred in denying Defendant's request for Plaintiff's Motion's affiant's deposition?

## STANDARD OF REVIEW

Any party may move for summary judgment as a matter of law after the relevant pleadings are closed "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. 1035.2. "[A] proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense ...." *McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938, 940 (Pa. Super. 1998). A trial court's entry of summary judgment will only be reversed where it erred in concluding

that either (1) no genuine issue of material fact existed; or (2) the moving party was entitled to judgment as a matter of law. In determining whether a grant of summary judgment was proper, appellate courts view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1004 (Pa. 2003).

The reviewing court may disturb the order of the trial court [on appeal from a grant of summary judgment] only where it is established that the trial court committed an error of law or abused of discretion. *Panichelli v. Liberty Mutual Ins. Group*, 669 A.2d 930, 931 (Pa. 1996)(affirming grant of summary judgment). An abuse of discretion is not simply an error of judgment. It requires much more. "[I]f in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record, discretion is abused." *Mielcuszny et ux. v. Rosol*, 176 A. 236, 237 (Pa. 1934); *see also Grady v. Frito–Lay, Inc.*, 839 A.2d 1038, 1046 (Pa. 2003)(*citing Paden v. Baker Concrete Construction, Inc.*, 658 A.2d 341, 343 (Pa. 1995) (speaking also in terms of "such lack of support so as to be clearly erroneous")).

## DISCUSSION

### A. WHETHER THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT?

Defendant asserts this Court erred in granting Plaintiff's Motion for Summary Judgment. Summary judgment is properly granted where the pleadings, answers to interrogatories, depositions, affidavits and admissions on file establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *McConnaughey v. Building Components, Inc.*, 536 Pa. 95, 98 (Pa. 1994). A non-moving

4

party is not free to sit idly, as the Defendant did so in this case, and hope to thwart summary judgment through mere allegations. *See* Pa. R. Civ. P. 1035.3. Mere conclusory allegations in pleadings without supporting factual evidence are not sufficient to overcome a motion for summary judgment. *Pape v. Smith*, 323 A.2d 856, 858-859 (Pa. Super. 1974) (noting that the adverse party may not claim that the averments of their pleadings, alone, are sufficient to raise a genuine issue of fact so as to defeat a motion for summary judgment). The non-moving party has the burden of "set[ting] forth specific facts by way of affidavit or as otherwise provided in [Rule 1035], demonstrating that a genuine factual issue exists." *Liles v. Balmer*, 567 A.2d 691, 692 (Pa. Super. 1989); *Younginger v. Heckler*, 410 A.2d 340, 342 (Pa. Super. 1979) (holding that the adverse party may not rest on the mere allegations or denials of his pleadings, but must respond by evidence which sets forth specific facts showing that there is a genuine issue for trial).

In a mortgage foreclosure action, entry of summary judgment for a mortgagee is proper if there is no genuine dispute that: (1) the mortgage is in default; (2) the mortgagor failed to pay interest on the obligation; and (3) the recorded mortgage is in the specified amount. *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super 1998)(*citing Landau v. Western Pennsylvania National Bank*, 282 A.2d 335, 340 (Pa. 1971)). Further, in actions for in rem foreclosure due to the defendant's failure to pay a debt, summary judgment is proper where the defendant admits that he had failed to make the payments due and fails to sustain a cognizable defense to the plaintiff's claim. *See First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 694 (Pa. Super. 1995) (providing that summary judgment is proper in mortgage foreclosure actions where the mortgagor admits the delinquency of his mortgage payments).

In this instant in rem mortgage foreclosure case, summary judgment was properly granted. No error of law was committed and this Court did not abuse its discretion. Plaintiff sufficiently proved it was a real party in interest and a holder of the mortgage and note with the right to enforce the note through the recorded chain of assignments and endorsed note. *See Wilcox v. Regester*, 207 A.2d 817, 829 (Pa. 1965). Plaintiff also conclusively established: (1) Defendant is the owner and mortgagor of the Property; (2) the recorded mortgage is in a specified amount; and (3) Defendant defaulted under the terms of his mortgage since September 1, 2012 and each month thereafter.

This Court's decision to grant summary judgment in favor of the Plaintiff is proper due to Defendant's admission that he is in default. *See* Defendant's Answer and Response, 3/20/13, at 1. Nonetheless, Defendant dismisses summary judgment by claiming: (1) this Court lacked jurisdiction because Plaintiff's Act 6/91 is defective; (2) the note was not properly transferred; and (3) Plaintiff's Affidavit in support of its Motion for summary judgment is inadmissible as hearsay. Defendant's allegations are unsubstantiated and failed to establish a genuine issue of law, material fact or cognizable defense. Unlike Plaintiff, Defendant produced no evidence by way of affidavits, interrogatories, depositions or other substantiating documentation in support of his allegations. Pursuant to Pennsylvania law, mere allegations, without supporting evidence are insufficient to prevent summary judgment. Accordingly, this summary judgment was properly granted as the pleadings and admissions on file show there is no genuine issue of material fact and that the Plaintiff is entitled to judgment as a matter of law.

6

## B. WHETHER THE TRIAL COURT ERRED IN FINDING PLAINTIFF'S ACT 6/91 NOTICE WAS NOT DEFECTIVE?

On appeal, Defendant erroneously relies on *Beneficial Consumer Discount Company v Vukman*, 37 A.3d 596 (Pa. Super. 2012), contending this Court erred in finding Plaintiff's Act 6/91 Notice was not defective. *See* Defendant's Memorandum of Law, 7/3/13, p. at 1. Specifically, Defendant claims that Plaintiff's Act 6/91 Notice attached to its Complaint is prima facially defective because it lists the Plaintiff as the original lender; therefore, this Court lacks jurisdiction in this foreclosure action due to Plaintiff's defective notice. *See* Defendant's Answer and New Matter, 3/20/13, p. at 2; *see also* Defendant's Memorandum of Law, 7/3/13, p. at 1. In *Vukman*, the Superior Court affirmed the lower court's decision to set-aside a sheriff's sale, vacate judgment, and dismiss foreclosure action due to a mortgagee's failure to comply with the Homeowner's Emergency Mortgage Act's notice requirements regardless of whether or not mortgagor was prejudiced by the defective notice. *Id.* at 599.

On June 22, 2012, Governor Corbett signed into law Senate Bill 1433 which, is now known as Act 70 of 2012 ("Act 70"), alleviating the effect of the Superior Court's decision in *Vukman*. Section 5(3) of Act 70 provides that the failure of a mortgagee to comply with the requirements of Section 402-C and 403-C of the Housing Finance Agency Law shall not deprive a court of jurisdiction over any legal action, including an action in foreclosure, for money due under the mortgage obligation or take possession of the mortgagor's security. Additionally, the Supreme Court reversed the Superior Court's decision in *Beneficial Consumer Discount Company v Vukman*, 77.A.3d 547 (Pa. 2013), holding the mortgagee's failure to comply with statutory notice requirement in a foreclosure action does not affect the

7

jurisdiction of a court to a hear the matter. *Id.* at 553. Accordingly, the *Vukman* decision by the Superior Court, which Defendant relies upon, is no longer applicable.

On October 31, 2012, the Act Notice was sent by Plaintiff to Defendant. Plaintiff also attached the Act Notice to its Complaint, showing Plaintiff listed itself as the original lender in error. Despite Plaintiff's failure to comply with the requirements of Section 402-C and 403-C of the Housing Finance Agency Law, such defect will not deprive this Court of jurisdiction over this instant case. Moreover, Section 5(1) of Act 70 states that the mortgagor must show that he or she was prejudiced by Plaintiff's failure to comply with Section 402-C and 403-C for the court to impose remedy. The record is void of any evidence showing Defendant was prejudiced by Plaintiff listing itself as the original lender in the Act Notice in accordance to Section 5(1) of Act 70. Accordingly, this Court imposed no remedy. Therefore, this issue is of no merit on appeal.

## C. WHETHER THE TRIAL COURT ERRED IN HOLDING THAT THERE WAS A PROPER PRE-JUDGMENT RECORD ASSIGNMENT OF THE MORTGAGE AND NEGOTIATED NOTE TRANSFER VIA PERMANENT ALLONGE- BOTH THROUGH THE CHAIN OF LOAN TITLE?

On appeal, Defendant relies on *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, (Pa. Super. 2013), claiming this Court erred in holding that there was a proper pre-judgment record assignment of the mortgage and negotiated note transfer via permanent allonge-both through the chain of loan title. Like *Murray*, Defendant "sets forth a tortious array of arguments" in this present issue. 63 A.3d at 1262. Similar to *Murray*, Defendant challenges Plaintiff's standing, present possession or ownership of the mortgage and note and the right to enforce the note. 63 A.3d at 1262.

As in all civil actions, mortgage foreclosure actions shall be prosecuted by and in the name of the real party in interest. *Pa. R.C.P. 2002(a)*; *see also Wells Fargo v. Lupori*, 8 A.3d

8

919 (Pa. Super. 2010). The Superior Court of Pennsylvania has recognized that "a real party in interest is a person who will be entitled to the benefits of the action if successful...[A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." *U.S. Bank v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009), *quoting Cole v. Boyd*, 719 A.2d 311, 312-313 (Pa. Super. 1998)(quotation marks and quotation omitted).

In an assignment, the nature of the particular assignment determines the identity of the real party. Ordinarily, an effective assignment is one where the assignor's right to performance by the obligor is extinguished and the assignee acquires a similar right to such performance. *Wilcox v Regester*, 207 A.2d 817, 820 (Pa. 1965). As such, the assignee of the mortgage is afforded the right to litigate as a real party in interest in a mortgage foreclosure case. *American Society for Testing & Materials v. Corrpro Companies Inc.*, 292 F. Supp.2d 713, 718 (E.D. Pa. 2003) (where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights). Accordingly, when a foreclosing party pleads that it is legal owner of the mortgage, it infers that it is also the holder of the note as the mortgage secures the note. *Mallory*, 982 A.2d at 994; *see also Levitt v. Patrick*, 976 A.2d 581, 592 (Pa. Super. 2009).

Analogous to *Murray*, Defendant implies one cannot trace the chain of ownership of the mortgage and note underlying this instant foreclosure action from the originally named mortgagee to Plaintiff. *Id.* at 1262. Although Plaintiff filed the Complaint, averring it was the current holder of the mortgage, Plaintiff did not properly plead all of the recorded assignments or tender proof of all assignments from the originally named mortgagee to Appellee. Plaintiff's Motion for Summary Judgment cured such defect by attaching proof of

9

the correct chain of recorded assignments, thereby establishing Plaintiff's right to sue as the current owner of the mortgage. *See* Plaintiff's Motion for Summary Judgment, 7/3/13, Exhibits 4 and 5. The chain of recorded assignments evidence that: (1) the mortgage was executed and delivered by Defendant to AAKO, Inc. d/b/a Boulevard Mortgage Company of Pennsylvania on March 21, 2008; (2) on the same day, the mortgage was assigned to CitiMortgage Inc.; and (3) CitiMortgage Inc. assigned the mortgage to Plaintiff on November 24, 2010. *See* Plaintiff's Motion for Summary Judgment, 7/3/13, Exhibits 4 and 5. Pursuant to the clear chain of assignments, the mortgage arrived in Plaintiff's hands. Accordingly, Plaintiff proved it is the real party in interest and the current holder of the mortgage by virtue of the assignment, which is recorded in the Office of Recorder of Deeds in Montgomery County.

Regarding Defendant's challenge to the chain of possession by which Plaintiff came to hold the note, Pennsylvania law provides that a mortgage secures the note in compliance with the states' version of the Uniform Commercial Code ("U.C.C."), wherein a note secured by mortgage is a negotiable instrument. 13 Pa. C.S.A § 3104. The U.C.C. specifically states that a party is entitled to enforce an instrument if it is the holder of the instrument. U.C.C. § 3-301; *see also* 13 Pa. C.S.A § 3101. A holder of a note is "the person in possession of the note that is payable either to bearer or to an identified person that is the person in possession." U.C.C. § 1-201(b)(21). Further reinforcing the right of a possessor of a note to enforce it, at least one court has held that one need not be a "holder" as defined by the U.C.C. to enforce a note in its possession, notwithstanding doubts regarding how it came to be transferred to the possessor. *Id.* at 1266, *quoting Bank of N.Y. v. Raftogianis*, 413 A.3d 435 (N.J. Super. 2010). For these reasons, the Superior Court in *Murray* concluded that,

10

"challenges to the chain of possession by which [the bank] came to hold the note [are] immaterial to its enforceability by [the bank]." 63 A.2d at 1266. However, for the sake of argument, the evidence of the clear chain of recorded assignments provided by Plaintiff speaks for itself and is clearly undisputed. The recorded chain of assignments establishes that Plaintiff is the legal owner of the mortgage which secures the note. As a result, there is no genuine dispute of material fact on how Plaintiff came to hold the note.

Regarding Plaintiff's ability to enforce the note, Defendant relies on *Murray*, essentially asserting there was insufficient evidence of an allonge demonstrating how the note was transferred to the Plaintiff. *See* Defendant's Memorandum of Law, 7/3/13, p. at 1. An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *Murray*, 63 A.2d at 1259, *citing* Black's Law Dictionary 76 (Deluxe 7th ed.). A special indorsement is one made by the holder of an instrument that identifies a person to whom it makes the instrument payable. Such an indorsement renders the instrument payable to the identified person, who is the only person who may transfer that note by subsequent indorsement. 13 Pa. C.S.A. § 3204; *Murray*, 63 A.2d at 1266. "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." *Murray*, 63 A.2d at 1266; 13 Pa. C.S.A. § 3205(b).

*In re Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010), the court sustained a debtor's objection to a secured proof of claim filed by the trustee of a securitized trust because claimant failed to satisfy the indorsement element for negotiation of the underlying note

11

under New Jersey's version of Uniform Commercial Code and thus, did not attain the status as a "holder" entitled to enforce note. Although the note does not contain an allonge, Plaintiff still satisfied the indorsement element of the underlying note at issue. Plaintiff attached a copy of the original note to its Motion for Summary Judgment for this Court's inspection. The copy of the original note contains two endorsements on the final page, one is a specific endorsement from AAKO, Inc. dba Boulevard Mortgage Company of Pennsylvania to CitiMortgage, Inc., and the other is a blank endorsement from CitiMortgage, Inc. *See* Plaintiff's Motion for Summary Judgment, 7/3/13, Exhibit 6. Contrary to the bank in *Murray*, Plaintiff produced undisputed evidence that CitiMortgage, Inc. endorsed the note in blank without recourse and Plaintiff has possession of the note. As a result of the negotiation in this fashion, and by virtue of its possession of the note, Plaintiff is the holder of the note. Accordingly, Plaintiff successfully established that it is the holder of the note, endorsed in blank, with the right to enforce it against Defendant as defined by Article 3 of the U.C.C. *Id.* at 1267; U.C.C. § 3-301; *see also* 13 Pa. C.S.A § 3101.

If Defendant is insinuating that Plaintiff be required to prove actual physical possession of the original note payable to bearer at trial, such insinuation would require every mortgage foreclosure action in which a note is endorsed in blank to proceed to trial. The very purpose of summary judgment is to avoid a useless trial. *See Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 154 (Pa. 2009); *see also Gregg v. V-J Auto Parts Co.*, 943 A.2d 216, 228 (Pa. 2007) ("summary judgment is designed to window out those matters in which the evidence as adduced by the party bearing the burden of proof"). Furthermore, the copy of the original note sufficiently evidences that the note was endorsed in blank, and Plaintiff is entitled to

12

enforce the note. Therefore, this Court properly granted summary judgment in favor of the Plaintiff.

### D. WHETHER THE TRIAL COURT ERRED IN ADMITTING PLAINTIFF'S MOTION'S AFFIDAVIT?

On appeal, Defendant avers this Court erred in admitting the Affidavit within Plaintiff's Motion because it is testimonial and hearsay, citing *Nanty-Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932). However, Plaintiff's Affidavit in support of its Motion for Summary Judgment is clearly permissible pursuant to Rule 1035.4, which provides

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

*See* Pa. R.C.P 1035.4.

Here, Plaintiff's Motion for Summary Judgment is supported by the Affidavit of Alana Henderson ("Ms. Henderson"), the Assistant Secretary at Nationstar Mortgage LLC. As the Assistant Secretary of Nationstar Mortgage LLC, Ms. Henderson is competent to testify to the matters in her Affidavit and her Affidavit clearly states that she has personal knowledge of the matters set forth in the Motion for Summary Judgment. Her Affidavit further states that the facts in Plaintiff's Motion for Summary Judgment are true and correct and avers that her personal knowledge is based on her review of the business records related to Defendant's mortgage loan account, which includes the chain of recorded assignments and endorsed note attached to the Motion. Ms. Henderson's sworn Affidavit declares all of the requisite elements of a foreclosure action under Pa. R.C.P. 1147 (a).

13

As stated above, the Court in *Younginger v. Heckler,* stated "[a]n adverse party may not rest on the mere allegations or denials of his pleadings, but must respond by evidence which sets forth specific facts showing that there is a genuine issue for trial. If the non-moving party does not respond accordingly, summary judgment, if otherwise appropriate, may be entered against him." *Id.* at 342-343. Just as in *Younginger,* Defendant did not offer any evidence to contradict the Affidavit filed by Plaintiff. Instead, Defendant opted to thwart summary judgment through mere allegations.

Further, this Court did not grant summary judgment solely based on Ms. Henderson's uncontroverted Affidavit in support of Plaintiff's Motion for Summary Judgment. This Court considered other evidence such as the recorded chain of assignments and the copy of the original note which by itself, adequately supported this Court's Order granting summary judgment. This Court's determination to grant summary judgment was also predicated not upon a supporting Affidavit, but upon the absence of any material issues of fact concerning Defendant's default. It is proper to grant summary judgment when there is an admission of default as was the case at bar. Because there were no issues of material fact to be resolved, it was not even necessary to consider the application of the *Nanty-Glo* Rule to this matter. *See Kirby v. Kirby,* 687 A.2d 385, 388-389 (Pa. Super. 1997) (*Nanty-Glo* Rule inapplicable where "no discrepancy as to any facts material to the case"); *Dudley v. USX Corp.,* 606 A.2d 916, 920 (Pa. Super. 1992) ("if there are no material issues of fact... then summary judgment may be granted properly, even if the moving party has only set forth the pleadings and depositions of his witnesses in support thereof"). Accordingly, the *Nanty-Glo* Rule is simply not applicable to this case. Therefore, this Court did not err in admitting the Affidavit in support of Plaintiff's Motion for Summary Judgment pursuant to Rule 1035.4.

14

## E. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR PLAINTIFF'S MOTION'S AFFIANT DEPOSITION?

Defendant contends this Court erred in denying Defendant's request to depose Ms. Henderson regarding her Affidavit in support of Plaintiff's Motion for Summary Judgment. In Pennsylvania, "parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment[.]" *Reeves v. Middletown Athletic Ass'n,* 866 A.2d 1115, 1124 (Pa. Super. 2004) (emphasis added). Specifically,"[t]he adverse party must be given adequate time to develop the case, and the motion [for summary judgment] will be premature if filed before the adverse party has completed discovery relevant to the motion." *Burger v. Owens Illinois, Inc.,* 966 A.2d 611, 618 (Pa. Super. 2009). "The timing of the motion is important...Under Rule 1035.2(2), the motion is brought 'after the completion of discovery relevant to the motion.'" *Gerrow v. John Royle & Sons,* 813 A.2d 778, 781 (Pa. 2002).

"The party seeking discovery is under an obligation to seek discovery in a timely fashion." *Reeves v. Middletown Athletic Ass'n,* 866 A.2d 1115, 1124 (Pa. Super. 2004); *see also Fort Cherry School Dist. v. Gedman,* 894 A.2d 135, 140 (Pa. Super. 2006) (reasoning "[t]he Pennsylvania Rules of Civil Procedure do not give [parties] an unlimited amount of time to conduct discovery"). Pursuant to the amended local rules of Montgomery County Rules of Civil Procedure ("local rules") regarding motions for summary judgment filed on or after October 1, 2012, if discovery was requested by either party on their respective cover sheets, said discovery shall be concluded within sixty (60) days from the filing of the motions. *See* Montg.R.Civ.P. 1035.2(a)(3).

15

However, it is well settled that issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal. *See* Pa. R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Diamond Reo Truck Company v. Mid–Pacific Industries, Inc.,* 806 A.2d 423, 430 (Pa. Super. 2002) (issues cannot be raised first in a 1925(b) statement). Pennsylvania courts have strictly adhered to this rule and have routinely concluded that issues not raised at the trial court level are waived on appeal. *Rivera v. Home Depot,* 832 A.2d 487, 491 (Pa. Super. 2003); *Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Associates, Inc.,* 477 A.2d 487, 489 (Pa. Super. 1984); *Borough of Ulysses v. Mesler,* 986 A.2d 224, 227 (Pa. Cmwlth. 2009).

On June 12, 2013, Plaintiff filed a Motion for Summary Judgment with a respective cover sheet, stating no discovery is needed. On July 3, 2013, Defendant separately filed an Answer and Response and Memorandum of Law, opposing Plaintiff's Motion for Summary Judgment. There was no respective cover sheet contained in Defendant's Answer and Response or Memorandum of law, apprising this Court that additional discovery is needed. Defendant also did not file a motion for continuance, requesting additional time to depose Plaintiff's Affiant.

Moreover, Defendant's did not properly request additional time to depose Plaintiff's Affiant and did not mention any discovery efforts undertaken by Defendant to depose Plaintiff's Affiant. Instead, Defendant alternatively requested "denial of Plaintiff's Motion without prejudice towards that affiant's deposition," which is an insufficient means of apprising this Court that Plaintiff's Motion for Summary Judgment is premature and outstanding discovery is owed to Defendant. *See* Defendant's Memorandum of Law, 7/3/13 at 2. Accordingly, Defendant raises this issue for the first time in its Concise Statement.

16

Defendant's failure to properly advise this Court of his need for additional time to depose Ms. Henderson in order to overcome Plaintiff's Motion for Summary Judgment acts as a waiver of this issue on appeal.

## CONCLUSION

Based on the reasons above, the undersigned respectively requests that the Court's Order dated October 18, 2013 be **AFFIRMED**.

**BY THE COURT**

CHERYL L. AUSTIN,                    J.

Copies of the above Order mailed on  1/31/14
**By Interoffice:**
Court Administration
**By First-Class Mail:**
David Fein, Esquire
Matthew B. Weisberg, Esquire

Judicial Secretary

17